■ ZOILA GENAO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [820 NYS2d 106]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated August 10, 2005, as, in effect, granted that branch of the defendant's motion which was to vacate so much of a prior order of the same court (Silverman, J.) dated July 7, 2005, as, upon its default in appearing for a conference, directed the depositions of all parties to be conducted on or before July 27, 2005, granted her cross motion, in effect, pursuant to CPLR 3126, only to the extent of directing the defendant to appear for and complete depositions by October 7, 2005, or be precluded from offering any evidence as to liability at trial, and directed her to provide certain authorizations.

Ordered that the order is affirmed, with costs.

The defendant failed to appear at a compliance conference and an order was entered upon its default, inter alia, setting a deadline for completing depositions. The defendant moved, inter alia, to vacate that portion of the compliance conference order, presenting a reasonable excuse for its failure to attend the conference and a possible meritorious defense. Under the circumstances, the Supreme Court providently exercised its discretion in, in effect, granting that branch of the defendant's motion which was to vacate so much of the compliance conference order as set a deadline for completing depositions (*see* CPLR 5015 [a] [1]; *Berry v Aquila Realty Co.*, 6 AD3d 563 [2004]; *Burns v Casale*, 276 AD2d 734, 735 [2000]).

The appellant's remaining contention is without merit.

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated August 10, 2005, inter alia, to dismiss the appeal in part. By decision and order on motion of this Court dated January 9, 2006, that branch of the motion which was to dismiss the appeal was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers

filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal in part is denied. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.